MEYER KATZ AND HELEN KATZ, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MEYER KATZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104007, 105511. Promulgated January 27, 1942.

*Max Swiren, Esq.*, for the petitioners.
*Gerald W. Brooks, Esq.*, for the respondent.

190

192

OPINION.

Tyson: The pleadings raise two issues involving the questions of whether the income of the three trusts for the benefit of petitioner's children is taxable to petitioner (1) under the broad provisions of section 22 (a) of the Revenue Acts of 1936 and 1938,[1] because, in substance, he retained ownership of the trust property, or, (2) under the specific provisions of section 166 of those acts [2] because he reserved a power of revocation of the trusts.

Under *Helvering* v. *Clifford*, 309 U. S. 331, the applicability of section 22 (a), *supra*, depends upon whether, after creating the trusts the petitioner, grantor, retained such incidents and attributes of ownership that he continued to possess the economic enjoyment of the property or the fruits of such property placed in trust. In that case the trust was for a short term and upon its termination the corpus was, under the specific terms of the trust, to revert to the grantor, who was the trustee and had broad powers over the control and management of the trust property in that short interim. The rationale of that case has been discussed and applied or not applied in numerous subsequent cases, a great many of which have been reviewed in the recent case of *Commissioner* v. *Betts*, 123 Fed. (2d) 534. It will serve no useful purpose in this opinion to again review those cases.

---

[1] SEC. 22. GROSS INCOME.

(a) General Definition.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

[2] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

In the instant case, except for possible revocation by petitioner jointly with persons having substantial adverse interests hereinafter discussed, the trusts were to continue for an indefinite period, but at least until after the death of the grantor, petitioner; during the tenure of the trusts he had no dominion and control over the corpus and income therefrom except in the exercise of his duties as trustee and he could not receive individually any of the benefits of either the corpus or the income; and upon termination of the trusts after the grantor's death both the corpus and any accumulated income was to be distributed to or held in trust for the benefit of specifically designated primary beneficiaries or specifically designated contingent beneficiaries, the latter including the surviving issue of the primary beneficiaries or the surviving sisters and brothers and mother of the primary beneficiaries, and, lastly, the petitioner's (grantor's) heirs at law upon the remote contingency that the grantor's wife and all of his children, without leaving issue, predecease him. Here the corpus and income of the trusts were definitively and permanently disposed of by the terms of the trust instruments with no reversion to the grantor, petitioner, and with no power in him to make testamentary disposition thereof. We hold that the income of the trusts in question during 1937 and 1938 is not taxable to petitioner under section 22 (a), *supra*. *Commissioner* v. *Betts*, *supra; Commissioner* v. *Branch*, 114 Fed. (2d) 985; *Jones* v. *Norris*, 122 Fed. (2d) 6; *Carleton H. Palmer*, 40 B. T. A. 1002; affirmed per curiam, 115 Fed. (2d) 368; *Frederick Ayer*, 45 B. T. A. 146, and authorities relied upon in those cases.

The petitioner, grantor, as to each trust, did not retain in himself alone a power of revocation, but only jointly with his wife Helen, until the child named as beneficiary reached the age of 21, and thereafter or, upon the wife's death prior thereto, jointly with the beneficiary. In our opinion, the primary beneficiary's vested interest in the trust estate constituted a "substantial adverse interest" within the meaning of section 166, *supra*. The petitioner's wife Helen was a living, definitely ascertained person who had the fixed right, in the event the primary beneficiary predeceased her without leaving issue, to have a substantial share of the trust income that might be currently distributed and of the entire trust estate, including accumulated income, distributed to her. Also, in our opinion, such contingent interest of the wife was a "substantial adverse interest" to the grantor, petitioner, within the meaning of section 166, *supra*. *Jane B. Shiverick*, 37 B. T. A. 454; *Paul W. Litchfield*, 39 B. T. A. 1017; *Laura E. Huffman*, 39 B. T. A. 880; *Corning* v. *Commissioner*, 104 Fed. (2d) 329; *Commissioner* v. *Prouty*, 115 Fed. (2d) 331. We hold that the income of the trusts involved herein is not taxable to petitioner under section 166, *supra*.

The case of *Cox* v. *Commissioner*, 110 Fed. (2d) 934, cited by respondent, in which the court concluded that the grantors of the trusts there involved were taxable on the income therefrom under both section 22 (a) and section 166 of the Revenue Act of 1934, is distinguishable on its facts from those in the instant proceedings. While in that case the court, in applying those sections and in connection with the grantors' reserved rights to revoke the trusts in conjunction with any other beneficiary, appears to have considered that, in connection with all the other facts therein, the interests of beneficiaries, who were members of the grantors' family, were not such substantial adverse interests as would bring the grantors within the protective provisions of section 166, yet the other factors of broad powers of control of the trust estates reposed in the grantors by the trust instruments would of themselves seem to have been sufficient to justify the holding in that case—among such other factors, the vital one being that grantor might, under the express terms of the trust instruments, at any time solely in his own discretion have paid the whole of the corpus to himself for his support, comfort, or maintenance. There the right of the grantor to exercise such discretion was, for all practical purposes, equivalent to a power to revoke the trust and revest the corpus in himself without the consent of anyone else and thus the facts in that case brought it squarely within the operation of section 166, or, alternately, under section 22 (a) as was held by the court, independently of any consideration of the substantial adverse interest there involved.

The case of *Altmaier* v. *Commissioner*, 116 Fed. (2d) 162, also cited by respondent, in which the court concluded that the grantor of the trust involved was taxable on the income therefrom under the provisions of section 167 of the Revenue Act of 1932, is also distinguishable on its facts from those in the instant proceedings. In that case the court said:

\* \* \* Here the trust instrument specifically directs that (1) the net income of the estate shall be *accumulated*, invested and added to the principal while the settlor lives or until his wife dies, should she predecease him, (2) in which latter event, he shall receive the entire net income for the rest of his life, or in the alternative (3) may sweep clean the entire original and accumulated trust estate by the exercise of his reserved power to terminate and take all.

That reserved power of which the court spoke was in the grantor alone. The court held that "Under the arrangements of the trust agreement, the income of the trust 'may be \* \* \* accumulated for future distribution to the grantor.'" and was therefore taxable to him on the grounds that if under any circumstances or contingencies any part of the accumulated income might inure to the benefit of the grantor such income was taxable to him. In that case further facts were that during the life time of the grantor and

his wife the power to alter, amend, revoke, and terminate the trust was vested in them jointly. While the court said that in the circumstances the wife was not, in its judgment, a person having "a substantial adverse interest" within the meaning of the statute and proceeded to discuss the concept of family solidarity, yet the court's decision rested on the possibility of the grantor acquiring the accumulated income as bringing that case squarely within section 167.

In the *Cox* and *Altmaier* cases the facts other than and independent of those with reference to the adverse interests there considered, clearly showed that the income of the trusts involved was taxable to the grantors under section 166 in the *Cox* case and under section 167 in the *Altmaier* case. The expressions in those cases to the effect that under the circumstances therein a member of an intimate family group had no substantial interest in the trusts *adverse* to the grantor within the meaning of sections 166 and 167 does not, in our opinion, establish a general principle to that effect which would be controlling here and warrant a holding in the instant case that petitioner's wife had no "substantial adverse interest" merely because she was the grantor's wife.

While no issue has been raised by the pleadings as to the taxability of petitioner under section 167 of the Revenue Acts of 1936 and 1938,[3] we deem it proper to consider that question. See *Carleton H. Palmer, supra.* Though certain capital gains, if realized, were not distributable to the beneficiaries of the trusts, but were to be added to corpus, such gains, as a part of corpus, could never be distributed to the petitioner, grantor, except through his exercise of the power of revocation jointly with persons having substantial adverse interests as above stated. As to the net income of the trust which could be currently distributed to or accumulated for the benefit of the primary beneficiaries and/or the contingent beneficiaries, such income could never be distributed to the grantor, petitioner, even in the event of a revocation of the trust. It is clear that section 167, *supra*, has no application to the instant case.

The respondent erred in including in petitioner's income any portion of the income of the three trusts in question for the years 1937 and 1938.

*Decision will be entered under Rule 50.*

---

[3] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

    *        *        *        *        *        *        *

then such part of the income of the trust shall be included in computing the net income of the grantor.